**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CRIMINAL ACTION NO. 3:01-CR-35-TBR**

TIFFANY DOMINIQUE PENNINGTON                                    PETITIONER

v.

UNITED STATES OF AMERICA                                        RESPONDENT

<u>**Memorandum Opinion**</u>

This matter is before the Court upon petition by Tiffany Dominique Pennington for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. (DN 309). The Magistrate Judge has filed Findings of Fact and Conclusions of Law and Recommendations. (DN 314). Petitioner filed objections to the Magistrate Judge's recommendations. (DN 325). Petitioner also filed supplemental objections to the Magistrate Judge's recommendations. (DN 326 and DN 327). This Court ordered supplemental briefing to discuss the impact of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) on this case. Each party has filed a supplemental brief in response to the Court's order. (DN 330 and DN 332). Having conducted a de novo review of the Magistrate Judge's report, and considering all other relevant information, the Court **ADOPTS** the Findings of Fact and Conclusions of Law and Recommendation as set forth in the report submitted by the Magistrate Judge to the extent that it has not been invalidated by recent decisions of the Supreme Court, as discussed in greater detail below. (DN 314). For the reasons stated herein, Petitioner's objections are **DENIED**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

**Background**

On February 13, 2001, Petitioner robbed National City Bank in Louisville, Kentucky. During the course of the robbery, he shot and killed a bank employee. Petitioner was indicted on

or about March 6, 2001 and later pleaded guilty to Counts 1 (bank robbery; aiding and abetting), 2 (armed bank robbery; aiding and abetting), 3 (bank robbery resulting in death), 4 (use of a firearm during a crime of violence), and 5 (possession of a firearm by a convicted felon). (DN 18; DN 255; DN 263). For sentencing purposes, Counts 1 and 2 and Count 4 and 5 were merged. (DN 255 at 7).

Petitioner was sentenced on Count 2 for 71 months and on count 4 for 120 months, to be served consecutively, with a total term of 191 months imprisonment. (*Id.*). Petitioner was separately sentenced to a term of life on Count 3 to be served concurrently with the 71 month term imposed for Count 2 and consecutively with the 120-month sentence. (DN 263 at 3). In total, Petitioner was sentenced to life plus 120 months imprisonment and five years of supervised release. (*Id.*). Petitioner did not appeal his case to the Sixth Circuit Court of Appeals.

Petitioner filed this action for Writ of Habeas Corpus arguing that *Johnson v. United States*, 135 S. Ct. 2551 (2015) renders his conviction and sentencing under Count 4 for violation of 18 U.S.C. § 924(c) unconstitutional. More specifically, Petitioner argued that *Johnson*'s holding regarding the residual clause of 18 U.S.C. § 924(e) applied to § 924(c) as well. The Magistrate Judge found that *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) controlled and proposed the recommendation that Petitioner's motion be denied because *Johnson* did not invalidate § 924(c)(3)(A) (the "elements clause") or § 924(c)(3)(B) (the "residual clause"). After the Magistrate Judge made this recommendation, however, the Supreme Court expressly held that § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis*, 588 U.S. ____ (2019). But because the elements clause of § 924(c)(3)(A) remains valid and because the predicate offense Petitioner was convicted of satisfies the definition of a "crime of violence" under the elements clause, this Court adopts the recommendation of the Magistrate Judge and denies Petitioner's objections.

**Discussion**

(I)      <u>Petitioner's claim that *Johnson* and *Dimaya* invalidate his conviction and sentence.</u>

Petitioner pleaded guilty to 18 U.S.C. § 924(c)(1)(A) which requires an enhanced sentence for any individual who, *inter alia*, "during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." A "crime of violence" is defined by that statute as a felony that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Part (A) of the crime of violence definition is commonly referred to as the "elements clause" or "force clause" and part (B) is referred to as the "residual clause." Petitioner argues that his § 924(c) conviction must be vacated because the Supreme Court held the residual clause to be unconstitutionally vague in *Sessions v. Dimaya*, 138 S.Ct. 1204, 200 L. Ed. 2d 549 (2018). In *Dimaya*, the Supreme Court held that the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague. *Id.* at 569. The residual clause of § 16(b) is practically identical to the residual clause of § 924(c)(3)(B). Most recently, the Supreme Court held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis*, 588 U.S. ____ (2019). Therefore, the Magistrate Judge's conclusion of law that Petitioner's conviction is valid under the residual clause of § 924(c)(3)(B) is incorrect, and the Court does not adopt it. However, because Petitioner was convicted of crimes that satisfy the elements clause definition of a "crime of violence" under § 924(c)(3)(A), his motion is denied.

Petitioner pleaded guilty to 18 U.S.C. § 2113(a), (d), and (e). § 2113(a) provides:

**(a)** Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of , any bank, credit union, or any savings and loan association;

> or Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such savings and loan association and in violation of any statute of the Unite States, or any larceny – shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a) (format edited). Petitioner's conviction under § 2113(a) formed the predicate crime of violence underlying his conviction pursuant to § 924(c)(1)(A). Armed bank robbery in violation of § 2113(a) is a crime of violence as defined by the elements clause of § 924(c). *See United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016); *United States v. Jackson*, 918 F.3d 467 (6th Cir. 2019). In *Jackson*, the Sixth Circuit Court of Appeals explained:

> We have held that § 2113 bank robbery—which, just like carjacking, requires that the robbery be committed "by force and violence, or by intimidation"—constitutes a crime of violence under both the Guidelines and under § 924(c)'s elements clause. *See United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), *cert. denied*, —— U.S. ——, 137 S.Ct. 830, 197 L.Ed.2d 72 (2017); *United States v. Henry*, 722 F. App'x 496 (6th Cir. 2018). Like the Fourth and Fifth Circuits, we recognized that a "taking by intimidation under § 2113(a) ... involves the threat to use physical force." *McBride*, 826 F.3d at 296 (reaching that conclusion under the Guidelines' elements clause); *Henry*, 722 F. App'x at 500 ("[I]ntimidation is all it takes to satisfy § 924(c)(3)(A)'s elements clause, which defines crimes involving the 'threatened use of physical force' as crimes of violence.").

*United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019). Furthermore, "the Sixth Circuit has specifically held that, while § 2113(a) is divisible, 'a violation involving force and violence or intimidation constitutes a "crime of violence" under § 924(c)'s force clause – not its residual clause – under the modified categorical approach.'" *Cheshier v. United States*, No. 6:18-CV-260-CHB,

2019 U.S. Dist. LEXIS 77717, *8 , 2019 WL 2041283 (May 8, 2019) (citing *Johnson v. United States*, No. 18-6080, 2019 U.S. App. LEXIS 11261, 2019 WL 193916, at *2 (6th Cir. Jan. 4, 2019) (citing *United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018))).

Because § 2113(a) is divisible, the Court may use the modified categorical approach by which the Court "looks to a limited class of documents (for example, the indictment, jury instructions, of plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of . . . [and] can then compare that crime . . . with the relevant generic offense. . . ." *Mathis v. United States*, 136 S. Ct. 2243, 2248, 195 L. Ed. 2d (2016). § 2113(a) can be divided into two paragraphs: the first making it a crime to use force, violence, or intimidation to take property or money from the possession of a bank, and the second making it a crime to enter or attempt to enter a bank with the intent to commit a felony therein. Count 1 of Petitioner's indictment—the count charging him with a violation of § 2113(a)—charged as follows:

> On or about February 13, 2011, in the Western District of Kentucky, Jefferson county, Kentucky, the defendants, **TIFFANY DOMINIQUE PENNINGTON** and **DERRICK DJUAN MOORE**, each aided an abetted the other, **by force, violence and intimidation did take from bank employees** approximately $3,760.00 in money belonging to and in the care, custody, control, management, and possession of the National City Bank, 3800 Brownsboro Road, Louisville, Kentucky, the deposits of which were then and there insured by the Federal Deposit Insurance Corporation. In violation of Title 18, United States Code, Sections 2113(a) and 2.

(DN 18) (emphasis added). Because the indictment charges Petitioner with taking property from a bank "by force, violence and intimidation," he was clearly charged under the first paragraph of § 2113(a). In *McBride*, the Sixth Circuit held that armed bank robbery by force, violence, and intimidation is a crime of violence under the career offender provisions of the United States Sentencing Guidelines §4B.1(a)(3). 826 F.3d at 296. "The definition of a crime of violence for purposes of the career offender guideline, USSG § 4B1.1(a)(3), is identical to that found in 18

U.S.C. § 924(c)(3)(A). *Moore v. United States*, 2016 U.S. Dist. LEXIS 133426, *10 n. 3, 2016 WL 540882 (S.D. Ohio Sept. 28, 2016).

Following the reasoning in *McBride* and *Moore*, this Court holds that Petitioner's conviction under § 2113(a) qualifies as a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A) and therefore properly serves as the predicate offense underlying Petitioner's conviction and sentence pursuant to 18 U.S.C. § 924(c)(1)(A). *McBride*, 826 F.3d 293; *Moore*, 2016 U.S. Dist. LEXIS 133426. Because Petitioner's conviction for armed bank robbery by force, violence, and intimidation pursuant to 18 U.S.C. § 2113(a) satisfies the definition for a "crime of violence" under the elements clause of § 924(C)(3)(A), Petitioner's objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation is **DENIED.**

(II) <u>Petitioner's other claims.</u>

Petitioner brings a number of additional claims in his objection—and supplemental briefs filed regarding the objections—to the magistrate judge's findings of fact and conclusions of law. In addition to his arguments under *Johnson* and *Dimaya* discussed above, Petitioner: (1) brings an "Actual Innocence claim based on a defective indictment" (DN 325 at 2); (2) claims that Counts 1, 2, and 3 of the indictment must be dismissed because they are in violation of the Double Jeopardy Clause of the Fifth Amendment (*Id.*); (3) claims that he was denied effective assistance of counsel at the plea stage of his trial because he was not properly advised of the charges against him in violation of the Sixth Amendment; (4) claims that his plea was not intelligent and voluntary because he was under duress from the government's intention to seek the death penalty, and because his attorney never explained the meaning of the charges on the indictment to him (*Id.* at 7); and (5) claims that count 3 of the indictment was defective on its face because, *inter alia*, "it

does not identify who died—was it a person or bank mascot such as an animal whose owner receives payment for its services (Not trying to be disrespectful, just attempting to make a point for this argument)." (*Id.* at 14). None of these claims were brought before the magistrate judge in Petitioner's Motion to Vacate, Set Aside, and Correct Sentence or Judgment. (DN 309).

These remaining claims which Petitioner raises for the first time in his objections, and the supplemental documents he filed in connection with the objections, to the Magistrate Judge's Recommendations are waived because he failed to raise them before the Magistrate Judge in his initial § 2255 motion. "[W]hile the Magistrate Judge Act, 18 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 903 n. 1 (6th Cir. 1999) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990). Therefore, the general rule is that arguments raised for the first time in an objection to a magistrate judge's report and recommendation are waived absent compelling reasons. Petitioner has failed to identify a compelling reason, or any reason, for why he did not present these arguments to the magistrate judge. Thus, Petitioner's failure to raise any of his claims—other than his claims regarding *Johnson* and *Dimaya* discussed in Part I of this opinion—before the magistrate judge constitutes waiver of those claims and these claims must be denied.

Although the Court may not consider Petitioner's waived claims, the Court will clarify one misunderstanding that underlies many of the claims. The indictment and judgment state that

Petitioner was indicted and sentenced under Section "924(c)(1)(A) *and 2*." (DN 18 and DN 255) (emphasis added). The magistrate judge and Petitioner interpret this to mean that Petitioner was indicted under 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 924(c)(2). This interpretation is problematic because, as the magistrate judge identified, § 924(c)(2) defines "drug trafficking" and "it is undisputed that Petitioner was not indicted and sentenced based on any drug trafficking activity." (DN 314 at 2 n. 2). But this interpretation is incorrect. Instead, Petitioner was indicted and sentenced under 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. The "and 2" in the indictment and judgment refers to the federal aiding and abetting statute, Section 2 of Title 18. This interpretation is supported by the language of the indictment in count 4, which alleges that "TIFFANY DOMINIQUE PENNINGTON and DERRICK DJUAN MOORE, each *aided and abetted by the other* . . . used, carried, brandished, and discharged a firearm" but does not allege drug trafficking. (DN 18) (emphasis added). Furthermore, counts 1, 2, and 3 also have the "and 2" language that is the root of this misunderstanding. Those counts charge Petitioner with a violation of 18 U.S.C. § 2113(a) "and 2," 18 U.S.C. § 2113(d) "and 2," and 18 U.S.C. § 2113(e) "and 2." *Id.* There is no 18 U.S.C. § 2113(a)(2), § 2113(d)(2), or § 2113(e)(2). On the other hand, each of these counts mentions aiding and abetting in the description of the charge. Therefore, it naturally follows that the "and 2" language in each count of the indictment and judgement does not refer to a subsection of the other crime charged in that count but rather it refers to Section 2 of Title 18, the federal aiding and abetting statute.

(III)     Evidentiary Hearing.

The undersigned finds that an evidentiary hearing is unnecessary because there is no factual dispute in this matter. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) ("When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required 'to determine the truth of

the Petitioner's claims.' A hearing is not necessary . . . when a petitioner's claims 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'") (internal citations omitted).

(IV)   Certificate of Appealability.

In the event that Petitioner appeals this Courts decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). A Certificate of Appealability may only be issued if the Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For claims rejected on the merits, this means that the petitioner must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not demonstrated that reasonable jurists would disagree regarding whether federal bank robbery is a "crime of violence" under the Elements Clause of 18 U.S.C. § 924(c)(3)(A). Therefore, the undersigned recommends that a Certificate of Appealability be denied.

**Conclusion**

For the foregoing reasons, Petitioner's objections to the Magistrate Judges Findings of Fact, Conclusions of Law, and Recommendation are **DENIED.** (DN 325, DN 326, DN 327). The Court **ADOPTS** the Findings of Fact, Conclusions of Law, and Recommendation of the Magistrate Judge (DN 314) except to the extent the Magistrate Judge's conclusions of law have been invalidated by recent decisions of the Supreme Court, as discussed in detail above. Thus, the

Petition for Writ of Habeas Corpus filed by Tiffany Dominique Pennington is **DISMISSED.** The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

**Thomas B. Russell, Senior Judge**
**United States District Court**

July 2, 2019

CC:     Counsel of Record

CC:     Tiffany Dominique Pennington, *Pro Se*, 52217-019

         Canann

         U.S. Penitentiary

         Inmate Mail/Parcels

         P.O. Box 300

         Waymart, PA 18472