UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3:01-CR-035-CHB |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER DENYING MOTION FOR** |
| TIFFANY DOMINIQUE PENNINGTON, | ) | **COMPASSIONATE RELEASE** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Tiffany Pennington's Motion for Compassionate Release, in which Pennington also requests appointment of counsel. [R. 354; R. 365]. The United States responded in opposition. [R. 361]. The defendant replied. [R. 365]. The matter is ripe for review. For the reasons stated herein, Defendant's Motion is denied.

**I. Background**

Defendant pleaded guilty to multiple counts of bank robbery, including bank robbery resulting in death of another, use of a firearm during a crime of violence, and possession of a firearm by a convicted felon. [R. 18; R. 249, p. 1; R. 255; R. 263]. On March 19, 2004, Pennington was sentenced to life in prison plus 120 months of imprisonment. [R. 263; R. 338]. He is currently serving his life sentence at USP Canaan in Pennsylvania. *See Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 3, 2023). Pennington originally moved for compassionate release on December 8, 2020. [R. 347]. The Court dismissed the motion for failure to exhaust. [R. 348]. On January 17, 2023, Defendant filed his current Motion for Compassionate Release, [R. 354], arguing a multitude of grounds support relief. *Id.* In the Motion, he requests that his life sentence be reduced to 30 years' incarceration. *Id.* at 1. Such motions for a sentence

reduction are pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." As discussed below, the Court will deny Mr. Pennington's Motion.

## II. Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court ***may not*** modify a term of imprisonment once it has been imposed ***except that***—
>
> (1) In any case—
>
> > (A) ***the court***, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), ***after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—***
> >
> > > (i) ***extraordinary and compelling reasons warrant such a reduction . . .***
> > >
> > > ***and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.***

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115–391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under § 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18

U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107-08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109-11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the

policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III.   Discussion

#### A.   Appointment of Counsel

Defendant seeks appointment of counsel. [R. 354, p. 1; R. 365, p. 5]. There is no constitutional or statutory requirement to appoint counsel where, as here, a defendant moves for post-conviction relief. *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052, at *3 (6th Cir. Dec. 30, 2016) (order); *see also United States v. Webb*, 565 F.3d 789, 793-95 (11th Cir. 2009) (per curiam) (collecting cases). The Court may appoint counsel if doing so is in the interests of fairness. *See United States v. Ryerson*, No. 3:09-CR-66-TAV-CCS-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020). Where an underlying motion for compassionate release will fail, appointing counsel would be futile. *Id.* (citing *United States v. Johnson*, Nos. 15-6413/16-5346 2016 WL 10704239 (6th Cir. Nov. 21, 2016) (declining to decide whether defendant was entitled to counsel in proceedings under § 3582(c)(2) because "independent review of the record reveal[ed] no issues of arguable merit" but noting that "[h]istorically, there has been no such right")). Because, as explained below, there are no arguable issues of merit at this time, the Court

will decline the request for counsel. *See id.*; *see also United States v. Prieto*, No. 3:19-CR-142-RGJ, 2022 WL 17718422, at *1-2 (W.D. Ky. Dec. 15, 2022).

### B. Extraordinary and Compelling Reasons

As an initial matter, the Court will address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833-35. Defendant attaches documentation confirming he previously applied to the warden for compassionate release but received no response. [R. 354-1]. The government does not contest exhaustion. [R. 361, p. 3]. The Motion is properly before the Court as he has satisfied his exhaustion requirements. *Alam*, 960 F.3d at 833-35.

The Court next considers whether the Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107-08. The statute does not define "extraordinary and compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111. Consequently, until the Sentencing Commission updates § 1B1.13 post-First Step Act, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109.

In his Motion, Defendant argues for a reduction in his sentence based on multiple grounds: (1) he was sentenced more harshly than others, causing a sentencing disparity; (2) conditions at USP Canaan constitute cruel and unusual punishment; (3) his preexisting medical conditions, namely Asthma and Hepatitis C, subject him to greater risk if he contracts COVID-19; and (4)

changes in law and fact must be considered per the First Step Act. [R. 354]. He further points to his extensive rehabilitation. In his Reply, "Defendant stands firm upon the facts, and legal precedent that he put forth in his initial motion." [R. 365, p. 1].

The United States opposes the Motion, first arguing sentencing disparities cited by Defendant or changes in the law post-sentencing are not permissible grounds for relief in the Sixth Circuit. [R. 361, pp. 5-8, 15-16]. As noted by the government, the Sixth Circuit has held that non-retroactive changes in the law may not be considered in determining what constitutes "extraordinary and compelling" reasons for release. *See United States v. McCall*, 56 F.4th 1048, 1065-66 (6th Cir. 2022) (en banc) ("Nonretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling reason' for a sentence reduction."). In response to Defendant's rehabilitative efforts, the government notes that "Pennington has several recorded disciplinary incidents. (See Exhibit 2, Inmate Discipline History). Incidents include conduct such as possessing a hazardous tool, presented altered mental status, fighting with another person, assaulting without serious injury, allowed another inmate to use his phone, possessed tattoo gun and ink, use of narcotics, possessed alcohol, smoked marijuana, and introduced drugs/alcohol." [R. 361, p. 8]. Moreover, "Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *See United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

The United States further notes that Defendant's arguments related to cruel and unusual punishment must be brought pursuant to a habeas petition under 28 U.S.C. § 2241.[1] [R. 361, p. 9].

---

[1] In his Reply, Defendant states that he "is NOT attempting to litigate" under the Fifth, Eighth, or Fourteenth Amendment. [*See* R. 365, p. 3].

The government also contests that his medical issues rise to the level of extraordinary and compelling, *id.* at 10-15, and argues that in any event, Defendant fails to pass the § 3553(a) factors for relief. *Id.* at 16-18. Specifically, the government argues that "Pennington murdered a bank employee during the commission of a bank robbery. Pennington then jumped over the counter, opened up the deceased's drawer to steal $3760 and fled in a stolen vehicle. Pennington's life sentence accurately reflects the seriousness and extremely heinous nature of the offense Pennington committed." *Id.* at 17. The government continues, "Pennington was a felon before the incident. (PSR). Pennington had an extensive juvenile criminal record as well. (*Id.*). Knowing the legal implications of being a convicted felon, Pennington continued to commit crimes, including murdering an innocent person for simply performing her employment. Reducing Pennington's sentence would not reflect the seriousness of his crime, deter him from criminal activity, or protect the public." *Id.*

The Court has considered each of the grounds cited by Defendant for a sentence reduction. Even if such grounds (singly, or in combination) qualified as extraordinary and compelling reasons for relief, the § 3553(a) factors preclude release. That is, even if Defendant met the first step of the compassionate-release test—meaning, if the Court found "extraordinary and compelling" circumstances based on his cited grounds—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the particular circumstances of this case.

### C. Balancing Under § 3553(a)

The Court has thoroughly reviewed the briefs and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just

punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(7); *see also Jones*, 980 F.3d at 1112-16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current Motion, and is convinced that release is not warranted under the statutory factors.

The "nature and circumstances of the offense," and Defendant's "history and characteristics," weigh heavily against relief. 18 U.S.C. § 3553(a)(1). The United States aptly describes the heinous crime and Defendant's concerning criminal history:

> Pennington murdered a bank employee during the commission of a bank robbery. Pennington then jumped over the counter, opened up the deceased's drawer to steal $3760 and fled in a stolen vehicle. Pennington's life sentence accurately reflects the seriousness and extremely heinous nature of the offense Pennington committed. Pennington's "history and characteristics" likewise do not support relief. 18 U.S.C. § 3553(a)(1). Pennington was a felon before the incident. (PSR). Pennington had an extensive juvenile criminal record as well. (*Id.*). Knowing the legal implications of being a convicted felon, Pennington continued to commit crimes, including murdering an innocent person for simply performing her employment. Reducing Pennington's sentence would not reflect the seriousness of his crime, deter him from criminal activity, or protect the public. 18 U.S.C. § 3553(a)(2).

[R. 361, p. 17].

The gravity of Defendant's crime is reflected in his life sentence. A reduction in that sentence to 30 years' imprisonment would not "reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." 18 U.S.C. § 3553(a)(2). Indeed,

granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment. A reduction in Defendant's sentence would also fail to deter criminal conduct and to protect the public. The Court thoroughly reviewed all the § 3553(a) factors. For the foregoing reasons, and upon consideration of *all* the § 3553(a) sentencing factors, early release is not warranted.

The Court would be remiss if it did not recognize Pennington's serious efforts at rehabilitation and his expressed remorse and regret for his crime. [R. 354; R. 354-2]. As he advises, "If defendant could reverse time, he would, but he cannot, so he has to move forward with a positive outlook on life everyday aiming to pay his cosmic debt to humanity for the hurt he has caused." [R. 354, p. 16]. Defendant has made significant efforts to rehabilitate himself and be a positive change agent in prison. He has undertaken countless classes and programming on his path to self-betterment. Even more, he makes no excuses for the heinous crime he committed and expresses deep regret. Defendant is an articulate, bright, and an effective advocate. The Court commends all Defendant's rehabilitative efforts and his positive, humble, changed thinking. Nevertheless, consideration of *all* the § 3553(a) sentencing factors precludes the relief he seeks at this time.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Tiffany Pennington's Motion for Compassionate Release [**R. 354**] is **DENIED**.

This the 3rd day of April, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY